UNITED STATES of America,
Plaintiff–Appellee,

v.

Leonard RODRIGO and Cheliah Parma-
savam, Defendants–Appellants.

No. 90–3477.

United States Court of Appeals,
Fifth Circuit.

June 12, 1991.

Henry Hoppe, III, Slidell, La. (court-appointed), for defendants-appellants.

Dominick M. Tamburo, III, New Orleans, La. (court-appointed), for Paramasavam.

Lawrence Benson, Peter G. Strasser, Asst. U.S. Attys., John Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before GARZA, POLITZ, and JONES, Circuit Judges.

PER CURIAM:

Appellants, Sri Lankan merchant marines, were convicted for possession with the intent to distribute and the unlawful importation of a controlled substance (cocaine). They appeal from the trial judge's ruling to exclude evidence about Sri Lankan's knowledge of cocaine, the sufficiency of the evidence, and impermissible comments made by the prosecutor during closing argument. Finding no abuse of discretion, sufficient evidence and an "invited response," we AFFIRM.

## I. The Facts.

Cheliah Parmasavam, Leonard Rodrigo and Sadhasivan Parmasavam are all Sri Lankan nationals who worked as crew aboard the M/V DIMI. All three were arrested and indicted on four counts of cocaine possession. Cheliah was once in the United States for three days, the others had never visited the Western Hemisphere before. While in Colombia, Cheliah made the acquaintance of a man named Marcel. After this the facts become disputed.

The government introduced testimony from two undercover agents. They had learned a shipment of cocaine was coming into this country from Colombia by a man named Marcel. They met the contact, a man named "Salem," aboard the DIMI. "Salem" turned out to be Cheliah. Cheliah got Rodrigo to come in and help negotiate a price for the cocaine.[1] Rodrigo carried the packages of cocaine up to Cheliah's room in several trips hidden inside his coveralls. Sadhasivan helped carry some of the cocaine up to Cheliah's room. All three were subsequently arrested.

All three defendants testified they had agreed to bring a large box, the contents of which was unknown, into America for Marcel. They testified they had not negotiated a price for the cocaine, and it was never brought up to Cheliah's room. Defendants sought to introduce testimony that natives of Sri Lanka are ignorant of cocaine, and do not even have a word for it in their language. Prosecution objected to this testimony and the trial judge excluded it.

Sadhasivan was acquitted, while Cheliah and Rodrigo were convicted of all four

---

1. Defendants began by asking $5,000 per kilogram for 20 kilos and finally accepted $1,500 per kilo.

counts. Cheliah and Rodrigo claim there was a failure of proof and they were denied a trial by their peers because the trial judge did not allow any evidence on what Sri Lankans know about cocaine. At closing argument, the defendants asserted they were victims of a "sting" operation. In response the prosecution told the jury "I tell you now, that's not true." Though they did not object at the trial, Rodrigo and Cheliah claim the government committed plain error in making the improper comment.

## II. The Law.

■ The defendants argue the evidence about cocaine's status inside Sri Lanka is relevant because it would bear upon their intent and though a jury with Sri Lankan representation is not required, the jury must be aware of a Sri Lankan's background. The defendants contend the trial judge erred because that testimony would have been relevant and its probative value would have outweighed any prejudicial effect. Fed.R.Evid. 402, 403.

A "district court has wide discretion in determining relevancy." *United States v. Silva*, 748 F.2d 262 (5th Cir.1984). This court will not reverse a district court's decision unless there is a "substantial abuse." *Id; See also United States v. Brown*, 692 F.2d 345, 349 (5th Cir.1982). The trial court quite easily could conclude the most the defendants' witnesses could have testified about was the quantity and quality of discussions they personally heard in Sri Lanka concerning cocaine and this would not concern these defendants' knowledge. Even if they could testify about the knowledge of the population of Sri Lanka, the defendants were merchant seamen who have travelled the world and the testimony would again be irrelevant as to them. Based upon the trial judge's discretion, and the facts in this case, this court cannot conclude error was committed excluding such testimony; accordingly, we affirm the district court's ruling.

■ Though the defendants claim the government failed to prove an essential element of the crimes they were charged with [2], the jury was presented with sufficient evidence to convict. Conspiracy may be inferred by the jury based upon inferences drawn from the circumstantial evidence of the situation. *United States v. Robles–Pantoja*, 887 F.2d 1250, 1254 (5th Cir.1989). When reviewing sufficiency of the evidence we look at the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Church*, 888 F.2d 20, 23 (5th Cir.1989). Accordingly, the testimony by the agents must be given great weight. The agents testified defendants knew the "package" had an inordinately high value (between $5,000 and $1,500 per kilo), and the covert manner of transporting the cocaine from the engine room to Cheliah's room. The jury could infer defendants knew they were transporting controlled substances. Since ignorance of the law is no excuse [3] and guilty knowledge may be inferred from the circumstances under which a transaction occurs, the jury's verdict is therefore affirmed.

■ Defendants argue the government made an impermissibly prejudicial comment during closing argument. By denying the existence of a governmental "sting", the government took a reasonable inference

---

**2.** Defendants were charged with bringing a controlled substance into the country, however, they claim there was no showing they knew cocaine was a controlled substance and therefore all the convictions must be overturned.

They also contend since conspiracy requires specific intent, the evidence is lacking because Cheliah testified he did not know what was in the box, and even if he saw it, he, as a Sri Lankan, could not know what it was.

**3.** *United States v. Jones*, 642 F.2d 909, 914 (5th Cir.1981), stated "[m]istake of law is no defense to the underlying crime or the conspiracy charge." In *Cheek v. United States*, —— U.S. ——, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991) though acknowledging the proposition ignorance of the law is no defense, the Supreme Court recognized knowledge and belief as questions for the factfinder when specific intent is at issue. While *Cheek* is set in a very different context (tax protestors), the trial judge in this case specifically placed the question of knowledge and intent in front of the jury.

**598**

away from the jury. While such a statement standing alone might be impermissible, "[a] prosecutor may respond in rebuttal to improper arguments by defense counsel." *United States v. Saenz*, 747 F.2d 930, 939 (5th Cir.1984), *cert. denied*, 473 U.S. 906, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985). The complained of comment was in direct response to a statement made by defense in its closing argument, therefore the government's remarks were "invited," consequently, no error occurred.

### III. Conclusion.

The trial judge did not abuse his discretion in excluding testimony about the familiarity of Sri Lankans with cocaine. Further, there was sufficient evidence for the jury to reach the decision they did, and the prosecutor's remarks during closing argument do not constitute plain error. Accordingly, the convictions of Leonard Rodrigo and Cheliah Parmasavam are hereby

AFFIRMED.